McCoy *v.* State

No 42766 December 9, 1963 158 So. 2d 54

*S. E. Allen, Jr., R. O. Arrington, Jr.,* Hazlehurst, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., for appellee.

GILLESPIE, J.

Willie Lee McCoy appealed from a conviction of murder.

Willie Lee McCoy and Will Roy Page, both about twenty-one years old, met at Lonnie Butler's Cafe out west of Hazlehurst on the Lake Road. They both had knives and fell into an argument, the subject of which is unknown. McCoy suggested they discard their knives and fight like men, but Page declined. The matter rested there and their paths did not cross until one evening about three weeks later when they again met in front of Lonnie Butler's Cafe. They began cursing each other. Page, apparently remembering McCoy's previous offer to fight like a man without knives, took off his coat and handed it to one of several by-standers. McCoy took about two steps toward Page and drove a hunting knife to the hilt in Page's breast. The knife penetrated the heart. Page died. Page had no weapon and made no effort to harm McCoy. His hands were down by his side when McCoy stabbed him. McCoy testified and

made a feeble effort to claim self-defense, which the jury rejected by returning a guilty verdict. The jury fixed life imprisonment as the punishment. McCoy appealed.

 ██ Appellant assigns as error the refusal of a requested instruction to the effect that appellant had a right to carry a deadly weapon if he believed his life had been threatened and that so armed he had a right to approach the deceased on any peaceable mission. The same instruction was approved in Wood v. State, 165 Miss. 363, 144 So. 545 (1942), but the facts in the case at bar did not justify the instruction. There was no evidence of any threat by deceased. There was no evidence that appellant approached deceased on a peaceable mission.

 ██ The assignment of error based on the granting to the State of Instruction Number Four is without merit. It is argued that the instruction should have included the element of malice aforethought. All instructions must be read together, and the State's Instruction Number Seven included the element of malice aforethought.

 ██ Appellant finally argues that the verdict was contrary to the overwhelming weight of the evidence. We fail to find merit in this contention. Eye witnesses who apparently had no interest in the case testified to the facts as above stated. Appellant admitted that deceased had done nothing but curse him. He did testify that deceased ran his hand into his pocket, but he did not testify that deceased had any weapon. In fact, he said that he stabbed deceased because deceased cursed him.

The evidence was ample to sustain the conviction. We find no reversible error.

Affirmed.

*Lee, P. J., and Kyle, Ethridge and Brady, JJ.,* concur.